UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIOGENES ROSARIO,

        Petitioner,                3:04-CV-467
                                                            [3:00-CR-186]

    v.

UNITED STATES OF AMERICA,

        Respondent.

_____

**THOMAS J. McAVOY,**
**SENIOR UNITED STATES DISTRICT JUDGE**

### DECISION & ORDER

**I. INTRODUCTION**

    Diogenes Rosario (Petitioner) moves for reconsideration of this Court's January 26, 2005 Decision and Order [dkt. # 11] that denied and dismissed his habeas corpus petition brought pursuant to 28 U.S.C. § 2255, and that denied him a Certificate of Appealability. The Government has opposed the motion. For the reasons that follow, the motion is denied.

**II. STANDARD FOR RECONSIDERATION**

    "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d. Cir 2000)(To sustain a motion for reconsideration,

1

Petitioner "'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'")(quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001)(Munson, J.)(internal citations and quotations omitted). Petitioner "may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented.'" In re Application of the United States, 396 F. Supp. 2d 294, 301 (E.D.N.Y. 2005)(quoting Schonberger v. Serchuk, 742 F. Supp.108, 119 (S.D.N.Y. 1990)); see also Shamis, 187 F.R.D. at 151 ("[T]he court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. Therefore, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court.")(citations and internal quotation marks omitted).

## III. DISCUSSION

Petitioner's motion must be denied because he merely reasserts the arguments that the Court rejected previously, or attempts to raise new arguments that he failed to present previously. For instance, he reargues again that his trial counsel's statement to the jury that counsel represented narcotics dealers denied him constitutional effective assistance counsel. In making this argument on

the instant motion, Petitioner focuses on the first prong of the Strickland test, contending that the statement demonstrated that counsel's conduct fell below an objective standard of reasonableness. See United States v. Guevara, 277 F.3d 111, 127 (2d Cir. 2001)(To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: "(1) counsel's conduct 'fell below an objective standard of reasonableness,' and (2) this incompetence caused prejudice to ...defendant.")(quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). However, this Court previously examined this claim and held:

> Assuming that counsel's statement that he "represents narcotics dealers" could be judged to fall below an objective standard of reasonableness, there is no basis to conclude that but for this statement the result of the proceeding would have been different. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); United States v. O'Neil, 118 F.3d 65, 72-73 (2d Cir. 1997).  The evidence of Petitioner's guilt at trial was overwhelming. "Several witnesses testified to Rosario's role in the purchase, distribution, sale, and resupply of narcotics." United States v. Garcia, 57 Fed. Appx. at 488, 2003 WL 201319, at *1 [(2d Cir. Jan. 30, 2003)(unpublished decision)]. The statement by counsel did not change the proof presented, and could not have altered the results of the trial.  Therefore, this claim of trial counsel's ineffectiveness is without merit and is dismissed. Further, because this claim of constitutional ineffectiveness could not succeed, Petitioner's appellate counsel was not constitutionally ineffective for failing to raise it on appeal. Thus, this claim is also dismissed.

Decision and Order, pp. 9-10. Petitioner fails to demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, or that the results of the motion would have been different if controlling decisions or factual matters had been considered. Instead, it is clear that Petitioner is merely attempting to reargue that which was already thoroughly considered and rejected.

The remaining arguments on this motion fare no better. All of the issues have either been

3

raised and previously rejected by this Court or the Second Circuit Court of Appeals, were determined to be procedurally barred on this Section 2255 motion, or constitute new arguments not previously presented. Petitioner merely tries to fills the gaps in his losing arguments for a second (or third) bite at the proverbial apple. He has not, however, demonstrated his entitlement to reconsideration. Therefore, the motion for reconsideration is denied.

V.  CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration [dkt. # 12] is **DENIED.** His motion for discovery [dkt. # 18] is **DENIED AS MOOT**.

**IT IS SO ORDERED**

DATED:  June 27, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge